**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KIRK REEVES | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 26-cv-00897 |
| | ) | |
| vs. | ) | Honorable Sara L. Ellis |
| | ) | |
| DOLLAR GENERAL CORPORATION | ) | |
| DOLGENCORP, LLC and DG RETAIL | ) | |
| L.L.C. | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants, DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC, and DG RETAIL, LLC, ("Defendants") by and through their attorneys, LEAHY, EISENBERG, & FRAENKEL, LTD., moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. In support, Defendants state as follows:

## INTRODUCTION

On January 26, 2026, Plaintiff filed the instant action, alleging an incident in which a Dollar General employee allegedly accused Plaintiff of shoplifting at a Dollar General store (owned and operated by DG Retail, LLC) on December 27, 2024. (Doc. 20). The Dollar General employee reported to the police that Plaintiff was suspected of shoplifting. (Doc. 20). The police subsequently detained Plaintiff during a traffic stop and released him. (Doc. 20). Plaintiff submitted a claim to Dollar General regarding this incident. (Doc. 20). Plaintiff alleges that Dollar General opened up a claim file, assigned an adjuster to the claim, and that on April 17, 2026, Dollar General's adjuster sent Plaintiff's claim file – including the false accusation – to Dollar General's alleged outside vendor, "HCL Technologies."

Plaintiff's complaint must be dismissed for several reasons.

First, Defendant, DG Retail LLC's store employee's report to law enforcement of her suspicion that Plaintiff had shoplifted constitutes communication that is absolutely privileged under Illinois law. Illinois courts have repeatedly held that statements made to law enforcement for the purpose of instituting legal proceedings are absolutely privileged from defamation liability, even when Plaintiff alleges the statements are made with malice. See, *Razavi v. Walkuski,* 2016 IL App (1st) 151435, ¶¶ 11-13; *Morris v. Harvey Cycle & Camper, Inc.,* 392 Ill. App. 3d 399, 404-406 (1st Dist. 2009); and *Vincent v. Williams,* 279 Ill. App. 3d 1, 7 (1st Dist. 1996).

Second, any actionable publication to law enforcement occurred more than one year before this action was filed and is therefore barred by Illinois' one-year statute of limitations for defamation. 735 ILCS 5/13-201. Here, Plaintiff alleges that a Dollar General employee reported to the police that Plaintiff was a shoplifting suspect on December 27, 2024. (Doc. 20). Plaintiff filed suit on January 26, 2026, more than one-year after the alleged defamatory statement was made to law enforcement. Accordingly, Plaintiff's defamation claim is time-barred.

Third, Plaintiff's allegation that when Defendant's adjuster transmitted the claim to Dollar General's outside vendor, this constituted a new communication of the "false accusation to a new recipient," also fails. Illinois courts hold that a repeat of an absolutely privileged original defamatory statement does not constitute a new publication if it is made in furtherance of an investigation. *Razavi v. Sch.* of the Art Inst. of Chi., 2018 IL App (1st) 171409.¶ 32.

For these reasons, the Complaint must be dismissed with prejudice.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FRCP Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Although the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions or unwarranted inferences. *Id.; Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Because Plaintiff's claims arise from alleged defamatory statements made in Illinois, Illinois substantive law governs. *Solaia Technology, LLC v. Jefferson Smurfit Corp.,* 221 Ill. 2d 558, 579 (2006).

Privilege is an affirmative defense that may be raised in a motion for involuntary dismissal of a defamation action. *Razavi v. Walukuski,* 2016 IL App (1st) 151435, ¶ 12; citing to *Hartlep v. Torres,* 324 Ill. App. 3d 817, 819 (2001). Accordingly, statements are absolutely privileged when they are (1) made to law enforcement officials; (2) for the purpose of instituting legal proceedings. *Id.*; citing to *Vincent v. Williams,* 279 Ill. App. 3d 1, 7, 664 N.E.2d 650 (1996). Where absolute privilege is granted, no cause of action for defamation lies against the person making the statement, even if it is made with malice. *Id.*; citing to *Mauvais-Jarvis v. Wong,* 2013 IL App (1st) 120070, ¶ 71. Whether a defamatory statement is privileged is a question of law which the appellate court reviews *de novo*. *Id.*

## ARGUMENT

### I. Plaintiff's claim is barred because Defendant's store employee's communication to law enforcement is absolutely privileged.

To establish defamation, the plaintiff must show the defendant: (1) made a false statement about the plaintiff; (2) made an unprivileged publication of that statement to a third party; and (3) the defendant damaged the plaintiff by publishing the statement. *Morris v. Harvey Cycle & Camper, Inc.,* 292 Ill. App. 3d 399, 404 (1st Dist. 2009).

Plaintiff alleges that Defendant's store employee reported to the police her suspicion that Plaintiff had shoplifted. Police subsequently detained Plaintiff during a traffic stop. Illinois law affords an absolute privilege to statements made to law enforcement officials for the purpose of instituting legal proceedings. *Razavi,* 2016 IL App (1st) 151435, ¶¶ 11-13. This privilege exists because public policy requires individuals the ability to report suspected criminal conduct to authorities without fear of civil liability if the report later proves to be inaccurate. *Id.* at ¶ 13.

In *Razavi,* the Illinois Appellate Court recognized that statements made to law enforcement concerning alleged criminal activity are absolutely privileged when they are made for the purpose of instituting legal proceedings. *Id.* ¶ 12, The privilege applies even when the plaintiff alleges that the defendant acted with malice. *Id.* ¶ 13.

Likewise, in *Morris,* the Court reaffirmed long-standing Illinois law that statements to law enforcement officials are absolutely privileged. *Morris v. Harvey Cycle & Camper, Inc.,* 392 Ill. App. 3d 399, 404-406, 911 N.E.2d 1049 (1st Dist. 2009). The court noted that a defamatory remark imputing the commission of a crime is *per se* defamatory, but such remarks escape liability when they further an interest of social importance, such as an investigation of an alleged crime. *Id.*

The allegations here fall squarely within the privilege. Plaintiff alleges that Defendant reported a suspicion that Plaintiff had shoplifted to the police. This report was made for the purpose of instituting legal proceedings. Courts presume that reports of suspected crime to law enforcement are made for the purpose of instituting institution of legal proceedings. *Razai,* 2016 IL App (1st) 151435, ¶ 16. The Dollar General store employee's report to the police, even if it turned out to be incorrect, is precisely the type of communication Illinois law protects with an absolute privilege. Accordingly, Plaintiff cannot maintain a defamatory claim based on Dollar General's communication to the police as such communication is absolutely privileged.

**II. In any event, Dollar General's store employee's report to the police is barred by Illinois' one-year statute of limitations.**

Illinois law provides that an action for libel or slander must be commenced within one year after the cause of action accrued. 735 ILCS 5/13-201.

A defamation claim generally accrues when the alleged defamatory statement is published. *Rosenbaum,* 2025 IL App (1st) 240039, ¶ 38. Thus, the limitations period runs from the date the alleged defamatory statement was communicated to a third person.

Here, Plaintiff alleges Defendant's accusation was communicated to law enforcement on December 27, 2024, more than one year before Plaintiff filed suit on January 26, 2026. Accordingly, Plaintiff's defamation claim based upon Defendant's report to law enforcement is independently barred by 735 ILCS 5/13-201 and must be dismissed.

### III. The April 17, 2026 transmission of the file to Dollar General's alleged vendor, containing the absolutely privileged original accusation, remains absolutely privileged, and does not constitute a new actionable publication.

Recognizing that the police communication occurred more than one year before suit was filed, Plaintiff alleges that on April 17, 2026, Defendant's adjuster transmitted the claim file, containing the original false accusation to the police, to an outside vendor. That allegation, however, does not save Plaintiff's claim.

The fact that the claim file contained the original accusation does not, by itself, establish a new actionable publication. Illinois courts hold that once a privileged statement is made to law enforcement, any subsequent restatements made in further of an investigation fall under this privilege. *Belluomini v. Zqryczany,* 2014 IL App (1st) 12264, ¶ 26 (An investigation is a continuum and it defies rational thinking to isolate certain portions of the investigation in order to apply different levels of privilege).

In *Razavi v. School of the Art Institute of Chicago,* the Court addressed the issue of whether repeated allegations of a crime made during an internal school investigation and subsequent disciplinary hearing constituted actionable defamatory statements. *Razavi v. Sch.* of the Art Inst. Of Chi., 2018 IL App (1st) 171409. Relying on *Belluomini,* the court emphasized that an investigation must be viewed as a "continuum, "and once a privileged statement is made to law enforcement, any subsequent restatements made in furtherance of an investigation, even if made to school employees not employed within the campus security department, fall under this privilege. *Id.* at ¶ 32.

Likewise, here, Plaintiff's allegation that Dollar General's claims representative's transfer of the claim file, which contained the original accusation to Dollar General's outside vendor, is not a new publication, but a subsequent restatement of the original accusation that was made in furtherance of Dollar General's investigation of Plaintiff's claim and remains privileged. The mere transfer of a file to its vendor, containing Dollar General's initial absolutely privileged statement to law enforcement, is not a new defamatory statement, but rather a repeat of the initial privileged statement that was earlier made to the police. Dollar General's vendor's receipt of the claim file was in furtherance of Dollar General's investigation of the claim, not a new publication of the original privileged accusation.

If every later transfer of a file containing an allegedly defamatory statement constituted a new publication, the statute of limitations would restart whenever a claim file was sent to an insurer, adjuster, claims administrator, investigator, consultant, vendor, or attorney. This would in effect, treat each transfer of a file as a new publication and permit repeated defamation claims based on the original absolutely privileged statement.

Because the April 17, 2026 transmission of the absolutely privileged original statement remained privileged, and was made in furtherance of Dollar General's investigation of Plaintiff's claim, the privileged statement does not constitute a new publication. Accordingly, Plaintiff's Amended Complaint for defamation is not actionable and must be dismissed as a matter of law.

WHEREFORE, Defendants, DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC, and DG RETAIL, LLC, respectfully request that this Honorable Court enter an order:

(a). dismissing Plaintiff's Amended Complaint pursuant to FRCP Rule 12(b)(6);

(b) finding that Defendant, DG Retail, LLC's store employee's alleged communication to law enforcement concerning suspected shoplifting is absolutely privileged as a matter of law;

(c) finding that any claim based upon the alleged communication to law enforcement is barred by the one-year limitations period set forth in 735 ILCS 5/13-201;

(d) finding that the April 17, 2026 transmission of the claim file to Defendant, DG Retail, LLC's outside vendor does not constitute a new actionable publication but a repeat of the absolutely privileged original accusation, and therefore absolutely privileged;

(e) granting Defendants any further relief deemed just and appropriate.

Respectfully Submitted,

**DOLLAR GENERAL CORPORATION**
**DOLGEN CORP. & DG RETAIL, LLC**

By: /s/ *Soo J. Kim*
One of the Attorneys for Defendants

Soo J. Kim (sjk@lefltd.com)
William P. McElligott (wpm@lefltd.com)
**LEAHY, EISENBERG & FRAENKEL, LTD.**
33 W. Monroe St., Suite 1100
Chicago, IL 60603
Tel: (312) 368-4554
Fax: (312) 368-4562